# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Darell Anderson,
    Petitioner

vs.                                     Case No. 1:05cv584
                                       (Dlott, J.; Hogan, M.J.)

Alan Lazaroff,
    Respondent

## REPORT AND RECOMMENDATION

      Petitioner, an inmate in state custody at the Madison Correctional Institution in London, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on petitioner's motion for "stay and abeyance." (Doc. 5). If petitioner's request for a stay of the instant proceeding is denied, it also appears the matter is ripe for consideration of the petition and petitioner's supporting memorandum (Docs. 1, 3), respondent's return of writ with exhibits (Doc. 4), and petitioner's "traverse" in response to the return of writ (Doc. 6).

### Procedural Background

      On November 13, 2003, the Hamilton County, Ohio, grand jury issued an eight-count indictment against petitioner and a co-defendant. In the indictment, petitioner was charged with three counts of possession of crack cocaine in violation of Ohio Rev. Code § 2925.11(A), with a "major drug offender" specification attached to one of the counts (Count 3); three counts of trafficking in crack cocaine in violation of Ohio Rev. Code § 2925.03(A)(2), with a "major drug offender" specification attached to one of the counts (Count 4); and one count of "mak[ing] false alarms" in violation

of Ohio Rev. Code § 2917.32(A)(3). (Doc. 4, Ex. A).[1]

On March 9, 2004, petitioner entered a guilty plea to one of the drug trafficking counts (Count 2) in exchange for dismissal of the remaining charges and specifications. (*Id.,* Ex. B; Ex. O, Tr. 16-17). On the same date, the trial court sentenced petitioner to a five (5) year term of imprisonment. (*Id.,* Ex. C).

Petitioner did not timely appeal his conviction or sentence. *See* Ohio R. App. P. 4(A). On May 3, 2004, he filed a *pro se* motion for leave to appeal to the Ohio Court of Appeals, First Appellate District, claiming as "cause" for his delay in filing that he "lack[ed] legal Counsel following his plea and a lack of knowledge that Appeals could be possible under certain circumstances." (Doc. 4, Ex. D). Petitioner also generally asserted as claims to be raised on appeal that the plea-taking proceeding did not comport with Ohio R. Crim. P. 11 and that his trial counsel provided ineffective assistance. (*Id.*). On May 27, 2004, the Ohio Court of Appeals overruled petitioner's motion for delayed appeal, stating only that petitioner had "failed to provide sufficient reasons for failure to perfect an appeal as of right." (*Id.,* Ex. F).

Petitioner did not timely appeal this decision to the Ohio Supreme Court. *See* Rule II, § 2(A)(1)(a), Rules of Practice of the Supreme Court of Ohio. Petitioner submitted a *pro se* motion for leave to file a delayed appeal with the Ohio Supreme Court, which was first "received" by the clerk of court on August 6, 2004 and subsequently "filed" on August 24, 2004. (Doc. 4, Ex. G). In the motion, petitioner did not provide any reasons for his delay in filing, except to the extent that he attached to his motion a copy of the Ohio Court of Appeals' mailing postmarked June 4, 2004 notifying him of its denial of his motion for delayed appeal. (*See id.,* attachment). In a handwritten statement at the top of this exhibit, petitioner pointed out that the notice was first sent to "C.R.C.," a correctional facility where he was no longer incarcerated, before it was forwarded to him at the Warren Correctional Institution; according to petitioner, "it took seven days" for the notice "to get to me from C.R.C." (*See id.*).

On October 13, 2004, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the case without opinion. (*Id.,* Ex. H).

---

[1]One of the counts charging drug possession (Count 1), one of the counts charging drug trafficking (Count 2), and the "mak[ing] false alarms" count (Count 8) were issued only against petitioner. (*See* Doc. 6, Ex. A). Petitioner's co-defendant was the only person charged in an additional count, not mentioned above, charging drug possession (Count 7). (*See id.*).

On September 9, 2004, while his motion for delayed appeal was pending before the Ohio Supreme Court, petitioner filed a *pro se* petition to vacate or set aside sentence pursuant to Ohio Rev. Code § 2953.21 with the Hamilton County Common Pleas Court. (*Id.,* Ex. I). In the petition, petitioner presented the following three claims for relief:

> 1. When police arrested defendant for making a false alarm for reporting an actual crime[,] police violated his right to due process and equal protection of the law and the Fifth and Fourteenth Amendments. . . .
>
> 2. When police charged defendant with possession and trafficking in drugs that were found after he had been falsely arrested[,] police violated his right to due process of law and equal protection of the law under the Fifth and Fourteenth Amendments. . . .
>
> 3. Trial counsel violated defendant's right to effective assistance of counsel when he did not seek to separate defendant's trial on drug trafficking and possession charges from his codefendant, and failed to subpoena any witnesses. . . .

(*Id.*).

The State filed a motion to dismiss the petition on September 22, 2004. (*Id.,* Ex. J). On October 4, 2004, the Common Pleas Court denied the petition, reasoning that petitioner's claims for relief were barred from review under the state *res judicata* doctrine and that the petition was subject to dismissal because petitioner had failed "to supply sufficient evidentiary documentation" to support his claims. (*Id.,* Ex. K).

The trial court's docket records reflect that a document entitled "Petitioner's Motion To Dismiss Petition For Post-Conviction Relief" was filed on November 17, 2004, which was never ruled on by the trial court. (*See id.,* Ex. N). On March 23, 2005, over four months after the trial court issued its final order in the post-conviction matter, petitioner filed a *pro se* motion for summary judgment and for "expedited consideration" of his petition. (*Id.,* Ex. L). That motion was overruled on March 28, 2005. (*Id.,* Ex. M).

The instant petition for writ of habeas corpus, signed by petitioner on August 1, 2005, was "filed" with the Court on September 7, 2005. (Doc. 1). Petitioner

3

alleges four grounds for relief:

> **Ground One:** Unlawful Search & Seizure.
>
> **Supporting Facts:** [P]olice falsely arrested petitioner, and cond[uc]ted illegal searches based upon that arrest, with the false arrest being a pretext for the searches, and all contraband derived thereof is fruit of poisonous tree.
>
> **Ground Two:** Trial Counsel's Ineffectiveness.
>
> **Supporting Facts:** Trial Counsel failed to present the issues as constitutional violations at suppression hearing, as indicated by the court, causing unlawful evidence to be admitted at trial.
>
> **Ground Three:** Violation of Due Process.
>
> **Supporting Facts:** The trial court failed to advise the petitioner of his right to appeal at the plea-sentencing hearing.
>
> **Ground Four:** Violation of Due Process/Access to the courts.
>
> **Supporting Facts:** Prison officials denied petitioner ac[c]ess to the courts by holding his notice of appeal for three weeks before mailing it, causing him to be time barred.

(*Id.*, pp. 5-6). In his memorandum in support of the petition, petitioner further asserts as an additional claim for relief, which is denoted herein as Ground Five, that the trial court erred to his prejudice by permitting "evidence seized during an unlawful search of a third part[y']s residence [to] be used at trial to prosecute defendant when there was no evidence that defendant ever posse[ss]ed or had control over the contraband that police seized and alleged to be his." (Doc. 3, pp. 6-7).

Respondent has filed a return of writ responding to petitioner's allegations, wherein it is conceded that the instant petition does not trigger statute of limitations concerns. (Doc. 4, Brief, pp. 8-9). Respondent contends that petitioner has waived his claims for relief due to his procedural defaults in the state courts. (*Id.,* pp. 9-11).

4

Alternatively, respondent argues that petitioner is not entitled to habeas relief based on the merits of his claims. (*Id.,* pp. 11-16).

On January 13, 2006, after respondent filed the return of writ in response to the petition, petitioner filed the pending motion "for stay and abeyance" of the instant action (Doc. 5), which respondent has not opposed. Petitioner contends that a stay is necessary in this case, because on September 12, 2005, the Ohio Attorney General's Office alerted him to a "discrepancy" pertaining to his state post-conviction petition. Specifically, petitioner avers that at that time, it was brought to his attention that the trial court had denied his state post-conviction petition, as well as his subsequent motion for summary judgment and expedited consideration filed *pro se* in that proceeding, without notifying him of these decisions. (*See id.,* Memorandum In Support). Petitioner was further informed at that time that a motion apparently had been filed on his behalf to dismiss his post-conviction petition, despite the fact that he was proceeding *pro se* and "never filed or requested anyone to file" such a motion on his behalf. (*Id.*). Apparently, it is petitioner's position that because of these discrepancies recently brought to his attention, he has an unexhausted claim for relief, and the instant matter should be stayed while he exhausts "his available State remedies for his unexhausted claim." (*See id.*).

## OPINION

### A. Petitioner's Motion For Stay And Abeyance (Doc. 5) Should Be Denied

The resolution of petitioner's motion for "stay and abeyance" (Doc. 5) requires an understanding of the principles of exhaustion and waiver in habeas corpus cases, which although overlapping to some degree, are separate and distinct concepts leading to either dismissal of the case without prejudice (or, as requested by petitioner, an administrative stay of the case) when exhaustion principles are applied or the denial of unexhausted claims with prejudice when waiver principles are invoked.

The waiver and exhaustion principles are premised on the same underlying rationale. In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see*

5

*also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

Although premised on the same concerns, the waiver and exhaustion doctrines are distinguishable in that they are applied in distinctly different situations. If the petitioner fails to fairly present his claims through the state courts, but still has an avenue open to him in the state courts by which he may present the claims, his petition may be dismissed without prejudice, or administratively stayed pending his exhaustion of the available state remedy. *See* 28 U.S.C. § 2254(c); *see also Duncan v. Walker,* 533 U.S. 167, 182-84 (2001) (Stevens, J., concurring); *Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *cf. Rhines v. Weber,* 544 U.S. 269, 276-77 (2005). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice, or may be stayed, on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510 & 522 (1982).

On the other hand, if petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court or commits some other procedural default relied on to preclude review of the merits of his claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that petitioner has waived his claims for habeas corpus relief. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of

justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, it appears that petitioner is seeking a stay of the instant matter so that he can exhaust issues raised in the state post-conviction proceeding, which concluded when the Hamilton County Common Pleas Court denied his petition for post-conviction relief on October 4, 2004. (*See* Doc. 4, Ex. K). However, it does not appear that there is an avenue that remains available in the state courts for petitioner to pursue relief based on such claims. In Ohio, the remedy of a delayed appeal under Ohio R. App. P. 5(A) is not available to obtain state appellate review of a trial court's denial of post-conviction relief or of any other alleged errors in post-conviction proceedings. *See, e.g., State v. Nichols,* 463 N.E.2d 375, 377-78 (Ohio 1984); *see also Ewing v. McMackin,* 799 F.2d 1143, 1151 n.15 (6th Cir. 1986); *Goudy v. Baker,* 974 F.2d 1338 (table), No. 92-3048, 1992 WL 207938, at **2 (6th Cir. Aug. 27, 1992) (unpublished); *Corethers v. Matia,* 767 F.2d 919 (table), No. 85-3038, 1985 WL 13462, at **1 (6th Cir. June 4, 1985) (unpublished).

Petitioner contends he has unexhausted claims, because he was not notified of the denials of his post-conviction petition and subsequent summary judgment motion until after respondent's counsel informed him of the "discrepancy" on September 12, 2005.[2] However, the fact that petitioner may not have received notice of the trial court's decisions until after the time for appealing these rulings had expired, does not mean the delayed appeal remedy is now available for him to pursue in the state courts. No such exception has been recognized in Ohio. Instead, the argument may be considered in determining whether or not petitioner can demonstrate "cause" for his procedural default of claims asserted in his post-conviction petition that he failed to fairly present to the Ohio courts in a timely appeal from the trial court's decision denying post-conviction relief.

---

[2]Another "discrepancy" alleged by petitioner is that an unauthorized person apparently filed a motion to dismiss the post-conviction petition on his behalf. This alleged error, however, triggers no concerns in this federal habeas proceeding. The challenged motion, unknown to petitioner until September 12, 2005, was filed after petitioner's *pro se* petition was denied by the trial court. The trial court neither ruled on nor otherwise considered that motion in the post-conviction proceedings. Because the filing of such motion thus does not even give rise to a colorable claim of prejudicial error in this case, petitioner cannot rely on that particular "discrepancy" as a ground for staying the instant matter for exhaustion purposes.

Accordingly, in the absence of an available state remedy for petitioner to pursue claims of error that allegedly occurred in the state post-conviction proceeding, the Court concludes that the issues petitioner contends are "unexhausted" are actually procedurally defaulted and subject to waiver analysis. *Cf. Ewing,* 799 F.2d at 1150-51 & n.14 (and numerous cases cited therein) (failure to raise state post-conviction petition issues on direct appeal, as well as failure to appeal a state court's denial of a motion for post-conviction relief, *see Boykins v. Davis,* 765 F.2d 144 (table), No. 84-5798, 1985 WL 13348, at **1 (6th Cir. May 2, 1985) (unpublished) (citing *Payne v. Rees,* 738 F.2d 118, 124-25 (6th Cir. 1984)), "constitute[] . . . procedural default[s] barring a federal court from reaching the issues raised in such [post-conviction] motion absent a demonstration of cause for and prejudice from such default[s]"); *Goudy, supra,* 1992 WL 207938, at **1-2.

Therefore, it is RECOMMENDED that petitioner's motion for "stay and abeyance" (Doc. 5) be DENIED.

### B. The Petition Should Be Dismissed With Prejudice Because Petitioner Has Waived All Of His Grounds For Relief Due to His State Procedural Defaults

As discussed above in addressing petitioner's motion "for stay and abeyance," *see supra* pp. 5-7, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson,* 459 U.S. at 6; *Picard,* 404 U.S. at 275-76. If petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. *See O'Sullivan,* 526 U.S. at 847-48; *Harris,* 489 U.S. at 260-62; *McBee,* 763 F.2d at 813. If, because of a procedural default, petitioner has not had his claims considered by the state's highest court on the merits and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; *see also Murray,*

8

477 U.S. at 485; *Engle,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

In this case, petitioner committed numerous procedural defaults in the state courts with respect to the claims that he now presents for federal habeas review. First, he failed to timely appeal his conviction in the state courts. Petitioner has argued as "cause" for his delay in appealing to the Ohio Court of Appeals that he "lack[ed] knowledge" about his appeal rights from a guilty plea and that prison officials failed to mail his timely-submitted notice of appeal within the requisite 30-day appeal period. Assuming, *arguendo,* these arguments are sufficient to demonstrate "cause" in this case, *see, e.g., Maples v. Stegall,* 340 F.3d 433, 438-39 (6th Cir. 2003) (late delivery by prison officials of timely-submitted inmate pleading constitutes "cause" excusing a procedural default), petitioner committed a second procedural default by failing to timely appeal the Court of Appeals' decision denying his motion for delayed appeal to the Ohio Supreme Court.[3]

Although petitioner attempted to obtain a delayed appeal in the Ohio Supreme Court, which was denied, the Sixth Circuit has held in an analogous case that the Ohio Supreme Court's unexplained entry denying a motion for delayed appeal "constitutes a procedural ruling sufficient to bar federal court review of [a] habeas corpus petition." *Bonilla v. Hurley,* 370 F.3d 494, 497(6th Cir.) (per curiam), *cert. denied,* 543 U.S. 989 (2004). In so holding, the court reasoned that "the applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Id.* (and unpublished Sixth Circuit cases cited therein).

Finally, as noted below at n.3, to the extent petitioner seeks relief in Grounds One and Five based on the Fourth Amendment claims first presented by him in his

---

[3]Petitioner committed another procedural default with respect to the Fourth Amendment claims alleged in Grounds One and Five of the petition, which appear to be record-based, because he failed to assert such claims as arguments to be raised on appeal in his motion for delayed appeal to the Ohio Court of Appeals or in his subsequent motion for delayed appeal to the Ohio Supreme Court. (*See* Doc. 4, Ex. D). Moreover, although petitioner generally stated in his motion for delayed appeal to the Ohio Court of Appeals that his trial counsel provided ineffective assistance, he did not assert the specific claim alleged in Ground Two of the petition stemming from counsel's alleged error in failing to present issues "as constitutional violations" at the suppression hearing; nor did petitioner even mention this ineffective assistance of counsel claim in his subsequent motion for delayed appeal to the Ohio Supreme Court. (*See id.* & Ex. G).

9

state petition for post-conviction relief,[4] he committed procedural defaults by (1) failing to present those issues on direct appeal or as matters to be decided on evidence outside the record, which were grounds that were relied on by the trial court in denying post-conviction relief; and (2) failing to timely appeal the denial of his post-conviction petition to the Ohio Court of Appeals.

As discussed above in addressing petitioner's motion "for stay and abeyance," *see supra* p. 7, petitioner may be able to establish "cause" for his default in failing to timely appeal the denial of his post-conviction petition, because it appears from the record that he was not informed of the trial court's decision until well-after the expiration of the 30-day appeal period. Therefore, the Court will only rely on petitioner's state procedural defaults that were relied on by the trial court in denying post-conviction relief.

It is well-settled that, on federal habeas corpus review, a court may be barred from considering an issue of federal law from a judgment of a state court if the state judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *Harris,* 489 U.S. at 260-62. The "adequate and independent state ground" doctrine has been applied to state decisions refusing to address the merits of a federal claim because of violations of state procedural rules. *Id.* at 261; *Sykes,* 433 U.S. at 86-87; *see also McBee,* 763 F.2d at 813.

Such a procedural default, however, does not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on the state procedural bar. *Harris,* 489 U.S. at 263. In cases where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

In addition, the rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the state courts is deemed adequate or, in other words, involves a

---

[4]Because the remaining ineffective assistance of counsel claim alleged by petitioner in his state post-conviction petition is not presented as a ground for relief in the instant federal habeas corpus petition (*see* Doc. 4, Ex. I), that claim is not addressed herein.

"firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000)), *rev'd on other grounds,* 126 S.Ct. 602 (2005) (per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992), *cert. denied,* 507 U.S. 932 (1993).

The Hamilton County Common Pleas Court was the only state court to render a reasoned opinion addressing petitioner's claims of error raised in his *pro se* petition for post-conviction relief. The court "clearly and expressly" relied on independent state procedural grounds when it denied the petition because (1) the claims, which were based only on the "existing record," should have been raised on direct appeal and thus were barred from review under the state *res judicata* doctrine; and (2) petitioner had failed to submit "sufficient evidentiary documentation" to support any non-record-based claim. (Doc. 4, Ex. K). These state procedural grounds, which are well-established and have been regularly followed for years in Ohio, also constitute adequate bases for the state trial court's decision. *See Lorraine v. Coyle,* 291 F.3d 416, 426-27 (6th Cir.) (state procedural default of claims based on failure "to present the necessary proof in the state postconviction review" has been "routinely and regularly applied in the Ohio courts") (citing *State v. Calhoun,* 714 N.E.2d 905, 910 (Ohio 1999), and *State v. Jackson,* 413 N.E.2d 819, 823 (Ohio 1980)), *corrected on other grounds on denial of rehearing,* 307 F.3d 459 (6th Cir. 2002), *cert. denied,* 538 U.S. 947 (2003); *Palmer v. Bagley,* No. 1:00-CV-882, 2005 WL 3965400, at *25 (S.D. Ohio Dec. 16, 2005) (Merz, M.J.) (and cases cited therein) (unpublished), *adopted,* 2006 WL 1027733 (S.D. Ohio Apr. 17, 2006) (Rose, J.) (unpublished); *see also Mason v. Mitchell,* 320 F.3d 604, 628 (6th Cir. 2003) (reiterating holding in *Coleman v. Mitchell,* 268 F.3d 417, 427 (6th Cir. 2001), *cert. denied,* 535 U.S. 1031 (2002), that "the application of res judicata under Ohio law 'is an adequate and independent state ground justifying foreclosure of constitutional claims in habeas'"); *Palmer, supra,* 2005 WL 3965400, at *25 (and numerous cases cited therein, including *State v. Cole,* 443 N.E.2d 169 (Ohio 1982); *State v. Ishmail,* 423 N.E.2d 1068 (Ohio 1981); *State v. Perry,* 226 N.E.2d 104 (Ohio 1967)).

Accordingly, in sum, the Court concludes that petitioner procedurally defaulted his claims for relief by, among other things, failing to file a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' decision denying his motion for delayed appeal and by failing to properly raise the Fourth Amendment claims alleged in Grounds One and Five of the petition to the state courts for consideration on the

merits. He, therefore, has waived his claims for relief absent a showing of cause and prejudice, or that failure to consider his claims will result in a "fundamental miscarriage of justice."

Petitioner has not demonstrated a fundamental miscarriage of justice will occur if his procedurally-defaulted claims are not considered, or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).

Petitioner also has not established "cause" for his procedural defaults in the state courts. First, he has not presented any argument as to why he failed to properly raise his Fourth Amendment claims alleged in Grounds One and Five of the petition to the state courts in an appeal from his conviction or in a state post-conviction petition supported by "sufficient evidentiary documentation" outside the record.

Petitioner has sought to justify his delay in filing an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' decision denying his motion for delayed appeal, by arguing that he belatedly received the Ohio Court of Appeals' entry issued May 27, 2004, which was initially sent to the wrong prison facility. However, even under petitioner's version of the facts, he received the Court of Appeals' mailing postmarked June 4, 2004 only seven days late. (*See* Doc. 4, Ex. G, attachment; Doc. 6, Ex. HH). Petitioner still had plenty of time remaining in the 45-day appeal period due to expire July 11, 2004 to file a timely notice of appeal and motion for leave to appeal to the Ohio Supreme Court. Therefore, his argument is insufficient to establish "cause" for his default in this case.

Accordingly, in sum, in the absence of a showing of "cause" or that a fundamental miscarriage of justice will occur if petitioner's claims are not considered by this Court, the Court RECOMMENDS that petitioner's petition for writ of habeas corpus be DISMISSED with prejudice on the procedural ground that petitioner has waived his claims for relief due to his procedural defaults in the state courts.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's motion for "stay and abeyance" (Doc. 5) be DENIED.

2. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254

(Doc. 1), as supplemented (Doc. 3), be DENIED with prejudice.

3. A certificate of appealability should not issue with respect to petitioner's claims for relief, which this Court has concluded are waived and thus barred from review on procedural grounds, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural rulings" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).[5]

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  8/23/2006                              s/Timothy S. Hogan
    cbc                                    Timothy S. Hogan
                                             United States Magistrate Judge


J:\BRYANCC\2006 habeas orders\05-584denystaymtn.denypet-waiver-delappOhSCt.wpd

---

[5]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Darell Anderson,
        Petitioner,

        v.

Alan Lazaroff,
        Respondent.

Case No. 1:05cv584
(Dlott, J.; Hogan, M.J.)

# NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

1:05cv 584 Doc. 7

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Darrell Anderson<br>#467-167<br>Madison Corr. Inst.<br>PO Box 740<br>London, OH 43140 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail    ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0006 5230 5080 |
| PS Form 3811, August 2001 | Domestic Return Receipt     102595-02-M-0835 |